**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,

v.

JASON RODRIGUEZ,

Defendant.

NO. 3:19-CR-298

(MANNION, J.)
(SAPORITO, M.J.)

## MEMORANDUM

This matter is before the court on the motion for release pending

sentencing arising from health risks associated with COVID-19 (Doc. 34)

filed by the defendant, Jason Rodriguez.

Rodriguez, who is currently awaiting sentencing, seeks his release

from custody pending sentencing based on prison conditions at the

Lackawanna County Prison (LCP) and the inherent risk posed by his

being confined in close quarters to a large number of other inmates

during the COVID-19 global pandemic. While Rodriguez is generally

healthy, he claims to suffer from an unspecified respiratory problem. In

his motion, Rodriguez has certified that the assigned assistant United

States attorney does not concur in his motion. (Doc. 34-2.) Defense

counsel filed a notice indicating that the parties have been unable to

resolve the motion. (Doc. 37). Rodriguez filed a brief in support of his

1

motion (Doc. 35) and the government filed a brief in opposition to the defendant's motion. (Doc. 36). The matter is ripe for a decision.

## I.   *Statement of Facts*

A federal grand jury indicted Rodriguez on October 22, 2019, charging him with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1); distribution of heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute cocaine, heroin, and fentanyl in violation of 21 U.S.C. § 841(a)(1); and possession with intent to distribute cocaine, heroin, fentanyl, and marijuana in violation of 21 U.S.C. § 841(a)(1). On November 1, 2019, he appeared before the Honorable Malachy E. Mannion for an initial appearance and arraignment where he pled not guilty to the charges. Upon the government's motion for detention, Judge Mannion granted Rodriguez's request for a detention hearing, which was held on November 5, 2019. Following the detention hearing, Judge Mannion ordered Rodriguez detained, and Rodriguez has remained detained at the LCP.

On February 28, 2020, Rodriguez pled guilty to Counts 3 and 4 of the Indictment—possession with intent to distribute cocaine, heroin, and fentanyl in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and possession

with intent to distribute cocaine, heroin, fentanyl, and marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C)—pursuant to a written plea agreement. (Doc. 26). For each offense, Rodriguez faces a maximum term of imprisonment of 20 years, a maximum fine of $1,000,000, a maximum term of supervised release of 3 years to life, plus payment of the costs of prosecution.

The presentence report has been completed and disclosed to the parties. A sentencing memorandum has been filed by defense counsel. The defendant filed a motion to conduct his sentencing by video or teleconference under Standing Order 20-8. Thereafter, the court scheduled a video sentencing hearing for May 15, 2020. In his brief, Rodriguez seeks release because of the existence of COVID-19 and the alleged adverse conditions of LCP. (Doc. 35, at 2-13). Rodriguez filed his own *pro se*, hand-written letter to the court in which he alleges that he has unspecified respiratory problems and that members of his family suffer from diabetes, although Rodriguez does not state that he has been medically diagnosed with either a respiratory condition or diabetes. (Doc. 39). The government contends that Rodriguez's motion fails to prove by clear and convincing evidence that he is not a flight risk and not a danger

to the community, that he continues to represent a flight risk and a danger to the community, and that no conditions or combination of conditions would ensure his appearance for sentencing and the safety of the community, notwithstanding the health risks posed by COVID-19—risks that will exist regardless of his detention status. (Doc. 36). For the reasons discussed herein, we will deny Rodriguez's motion.

## II.   *Discussion*

### a. *COVID-19 Global Pandemic*

We are mindful of the unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents.[1] "COVID-19 is the infectious disease caused by the novel coronavirus." *United States v. Roeder*, ___ Fed. App'x ___, 2020 WL 1545872, at *1 (3d. Cir. Apr. 1, 2020) (per curiam). We are also cognizant that the President of the United States has declared a national emergency and the Governor of Pennsylvania has declared a state of emergency and issued a stay-at-home order through April 30, 2020, and extended it to May 8, 2020 for some counties and extended it to June 4, 2020, for the majority of

---

[1] World Health Org., *WHO Characterizes COVID-19 as a Pandemic* (Mar. 11, 2020), https://www.who.int/emergencies/diseases/novel-coronavirus-2019/events-as-they-happen.

counties—including Lackawanna County, where the defendant is detained at LCP. Further, the Governor has ordered all schools to remain closed for the remainder of the 2019-2020 academic school year. We also recognize that public health officials have strenuously encouraged the public to practice "social distancing," to hand-wash and/or sanitize frequently, and to avoid close contact with others—all of which presents challenges in detention facilities. *See Roeder*, 2020 WL 1545872, at *2; *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857, at *2 (D. Md. Mar. 17, 2020).

### b. Conditions of LCP

Rodriguez alleges that as an inmate at LCP he is confined with 15 other inmates in a shared cell, which measures 16 feet by 20 feet with eight bunk beds. There is no full bathroom in the cell and the shower and the sink are separate from the cell. There are no cleaning supplies. Social distancing is impossible. He is provided one towel to use for bathing, hand washing, and blowing his nose, and it is washed twice per week. He works in the kitchen and has not been provided a mask.

The government proffered in their brief that LCP has reported no positive COVID-19 cases among its inmate populations and only one

corrections officer who has tested positive. All inmates were informed of that development and placed on lockdown. We further take judicial notice of recent policies and procedures adopted by LCP to prevent or limit the spread of COVID-19 within the prison. *See Shakur v. Costello*, 230 Fed. App'x 199, 201 (3d Cir. 2007) (per curiam) (taking judicial notice of county prison procedures). Under these new policies and procedures, LCP has suspended contact visits, regular visitation, and visitation from volunteers, including religious leaders. It has implemented aggressive sanitation programs and suspended all programs that utilize "outside" employees. It has prohibited individuals other than prison and medical staff to proceed any further than the reception area. It has limited attorney visits with inmates to meetings through a glass partition in a lawyer visitation room unless written permission is granted by the warden or the deputy warden. It has cancelled all conferences and out-of-county training. It has provided for weekly contact with officials from the state department of corrections. It has posted educational flyers in the blocks and in the reception area. It has also implemented body temperature screening checks for all employees and lawyers as they

enter the facility. *United States v. Mendoza*, No. 5:20-mj-00011, 2020 WL 1663361, at *3 & n.4 (M.D. Pa. Apr. 3, 2020).

### c. *18 U.S.C. § 3142(i)—Temporary Release*

In his motion and brief, Rodriguez has requested his temporary release under 18 U.S.C. § 3142(i), which allows a judicial officer, by subsequent order, to permit the temporary release of a person to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or another compelling reason. But Rodriguez is not eligible for release under § 3142(i) because he is not a pretrial detainee. He has pleaded guilty and is presently detained pending imposition of his sentence.

Under the federal criminal rules, "[t]he provisions of 18 U.S.C. §§ 3142 and 3144 govern *pretrial* release." Fed. R. Crim. P. 46(a) (emphasis added). Having entered a guilty plea, the defendant's detention is governed by 18 U.S.C. § 3143. Fed. R. Crim P. 46(c); *see also United States v. Jacome*, No. 3:17-CR-0205, 2020 WL 2342364, at __ (M.D. Pa. May 11, 2020). Section 3142(i) simply does not apply to a defendant awaiting sentencing. *Jacome*, 2020 WL 2342364, at __; *United*

*States v. Leathers*, No. 2:19-cr-633 (WJM), 2020 WL 2219853, at *1 n.1 (D.N.J. May 7, 2020).

### d. 18 U.S.C. § 3145(c)—Release Pending Sentencing

Rodriguez seeks release under 18 U.S.C. § 3145(c), contending that he should be released because of the COVID-19 global pandemic and that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Because Rodriguez has pleaded guilty to a serious drug offense, *see* 18 U.S.C. § 3142(f)(1)(C), his detention in the first instance is governed by 18 U.S.C. § 3143(a)(2), which provides that such a pre-sentence defendant be detained unless:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
>
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2); *see also* Fed. R. Crim P. 46(c) (placing burden of proof on the defendant).

Rodriguez has proffered no evidence to support a finding that there is a substantial likelihood that motion for acquittal or new trial will be granted—indeed, he has pleaded guilty to two serious drug trafficking offenses. *See Leathers*, 2020 WL 2219853, at *2 ("Because Defendant pleaded guilty, there is no likelihood—much less a substantial likelihood—that a motion for acquittal or a new trial will be granted."). Likewise, Rodriguez has proffered no evidence that the government will be recommending no prison time. Consequently, Rodriguez is not eligible for release under § 3143(a)(2).

Instead, Rodriguez relies on § 3145(c), which provides that: "A person subject to detention pursuant to section 3143(a)(2) . . . , who meets the conditions of release set forth in section 3143(a)(1) . . . , may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c); *see also United States v. Williams*, 903 F. Supp. 2d 292, 298–302 (M.D. Pa. 2012) (holding that a district court possesses discretion to consider a temporary release pending sentencing under § 3145(c)); *United States v. Ortiz*, No. 1:18-CR-

00134, 2020 WL 1904478, at *3 (M.D. Pa. Apr. 17, 2020) (endorsing *Williams* in the context of COVID-19).

To qualify for temporary release pending sentencing under § 3145(c), a defendant must first satisfy the criteria set forth in § 3143(a)(1). That section provides that the person "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3143(a)(1); *see also* Fed. R. Crim. P. 46(c) (placing burden of proof on the defendant).

At the detention hearing before Judge Mannion on November 5, 2019, Judge Mannion granted the government's motion for detention and ordered that he be detained pending trial based on findings that the defendant had failed to present sufficient evidence to rebut the presumption in favor of detention under 18 U.S.C. § 3142(e)(3) arising from the maximum penalties associated with the charged offenses. (Doc. 16.) Specifically, Judge Mannion ordered the defendant detained pending trial because the court found by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community. (*Id.*) In addition to the

statutory presumption, Judge Mannion found that detention was merited based on: the weight of the evidence against the defendant was strong; his participation in criminal activity while on probation, parole, or supervision; his lack of significant community or family ties to this district; his prior failure to appear in court as ordered; and his use of aliases or false documents. (*Id.*)

Rodriguez argues that the COVID-19 outbreak constitutes a change in circumstances since Judge Mannion's detention order in November 2019. This argument relates to the "exceptional reasons" factor under § 3145(c), but it does not impact the findings previously made by Judge Mannion at the detention hearing in November 2019. *See Ortiz*, 2020 WL 1904478, at *4. Moreover, we note that, having pleaded guilty in the interim, the burden of proof has now shifted from the government to the defendant. *Compare* 18 U.S.C. § 3142(f) (imposing burden on government to prove dangerousness by clear and convincing evidence and flight risk by preponderance of the evidence) *with id.* § 3143(a)(1) *and* Fed. R. Crim. P. 46(c) (imposing burden on defendant to prove by clear and convincing evidence that he is not likely to flee or to pose a danger to other persons or the community). Based on the nature of the offenses of conviction, the

length of the potential sentence to be imposed, the strong weight of evidence against the defendant, his participation in criminal activity while released on bail, his lack of significant community or family ties to this district, his prior failure to appear in connection with court proceedings in Pennsylvania and Maryland, and his prior use of an alias, we find that the defendant has failed to establish, by clear and convincing evidence, that there is any condition or combination of conditions that will reasonably assure the court that he is not likely to flee or pose a danger to the safety of any other person or the community if released.

Based on the foregoing, we are not obligated to address the "exceptional reasons" factor in § 3145(c). *See Ortiz*, 2020 WL 1904478, at \*5. Nevertheless, under the specific facts presented in this case, we find the health risks posed by the COVID-19 pandemic to this particular defendant do not constitute "exceptional reasons" justifying his temporary release from presentence detention.

In his supporting brief, Rodriguez presents only speculative arguments that his confinement in the LCP increases the health risks posed to him by COVID-19. Other than a single guard who appears to have had no contact with the movant, there have been no confirmed cases

of COVID-19 in the LCP. Moreover, LCP has implemented new policies and procedures to protect its population as referenced above. There is no evidence that such measures are, or have been, inadequate. Our court has temporarily continued all live, in-court proceedings through May 31, 2020, which should ameliorate a criminal defendant's concerns about assisting his or her attorney in the preparation of a defense. Any reason for Rodriguez to assist his counsel in his defense is further diminished by the fact that the presentence report in this case has already been completed and apparently reviewed by counsel, and sentencing is scheduled to occur by video on May 15, 2020. Further, we are confident that LCP will respect the privileged nature of the communications between attorneys and their inmate-clients, as nothing to the contrary has been alleged or otherwise brought to our attention.

In his brief, Rodriguez states that, if released, he will live with his sister and her husband in their North East, Maryland, apartment where she would serve as his third-party custodian, and that Rodriguez would remain quarantined until his sentencing. He alleges that his sister and her husband are teleworking, she has a driver's license, and she does not have a criminal record. Nevertheless, we are not inclined to release him

at this crucial time in the progression of his case, mere days before his sentencing hearing.

In the absence of any evidence of a medically diagnosed health condition that would increase the risk to Rodriguez posed by COVID-19, or any evidence that LCP is not providing—or is unable to provide— appropriate medical care, we are not persuaded that Rodriguez should be released. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (recognizing that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread"). While the court remains sympathetic to Rodriguez's subjective concerns regarding the possibility of health complications caused by the COVID-19 virus, "[s]uch speculation does not constitute a 'compelling reason' for temporary release." *United States v. Loveings*, Cr. No. 20-51, 2020 WL 1501859, at *3 (W.D. Pa. Mar. 30, 2020); *see also United States v. Pritchett*, No. CR 19-280, 2020 WL 1640280, at *3 (W.D. Pa. Apr. 2, 2020) (despite being sympathetic to defendant's medical conditions, including a diagnosis of asthma, speculation concerning

possible future conditions in jail does not constitute a "compelling reason" for temporary release.); *United States v. Jones*, No. 2:19-CR-00249-DWA, 2020 WL 1511221, at *3 (W.D. Pa. Mar. 29, 2020) (holding that, while the defendant suffered from hypertension, sleep apnea, and asthma, and it is true that individuals with respiratory issues are at higher risk for COVID-19, his present health conditions were not sufficient to establish a compelling reason for release in light of the danger to the community posed by his release and the efforts undertaken at the jail to combat the spread of the virus) (citing *United States v. Davis*, No. 19-1604, 2020 U.S. App. LEXIS 9987 (3d Cir. Mar. 20, 2020)).

The mere presence of the virus, even in the detention setting, does not automatically translate to the release of a person accused. *United States v. Williams*, No. PWG-19-8, 2020 WL 1643662, at *2 (D. Md. Apr. 2, 2020) (denying defendant's motion even where at least five inmates had tested positive for COVID-19 and defendant suffered from allergies and asthma); *United States v. Bilbrough*, No. TDC-20-0033, 2020 WL 1694362 (D. Md. Apr. 7, 2020) (affirming magistrate judge's denial of motion by defendant who suffered from diabetes); *United States v. Williams*, No. PWG-13-544, 2020 WL 1434130 (D. Md. Mar. 24, 2020)

(denying a 67-year-old defendant's motion); *United States v. Penaloza*, No. TDC 19-238, 2020 WL 1555064 (D. Md. Apr. 1, 2020) (denying motion of defendant who suffered from a heart murmur); *United States v. Jefferson*, No. CCB-19-487, 2020 WL 1332011 (D. Md. Mar. 23, 2020) (denying motion of asthmatic defendant). Thus, we are left to speculate whether Rodriguez's continued incarceration would likely increase his risk of harm. However, mindful of the rapidly evolving conditions in prisons throughout the nation as well as the COVID-19 pandemic, we will entertain a renewed request for release if at some point in the future it becomes clear that there are compelling reasons to justify the defendant's release. *United States v. Sanchez*, No. 1:19-cr-00152, 2020 WL 1814159 *7 (M.D. Pa. Apr. 9, 2020) (citing *United States v. Lee*, No 19-CR-298 (KBJ), 2020 WL 1541049, at *7 (D.D.C. Mar. 30, 2020)).

## III.   *Conclusion*

For the reasons set forth above, Rodriguez has failed to establish by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, and he has failed to establish exceptional reasons why his continued detention until sentencing is not appropriate. Therefore, his motion (Doc. 34) is denied.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: May 12, 2020